**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001372**
**27-AUG-2015**
**07:54 AM**

CAAP-14-0001372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JASON S. KING, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DCW-13-0002724)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Jason S. King (King) with intentionally or knowingly violating an injunction against harassment, a violation of Hawaii Revised Statutes (HRS) 604-10.5 (Supp. 2014).[1] The charged offense is a misdemeanor and a person convicted of the offense may be subject to imprisonment for up to one year. Id.; HRS § 706-663 (2014). Accordingly, King had a right to trial by jury. See State v. Ibuos, 75 Haw. 118, 120, 857 P.2d 576, 577 (1993); HRS § 806-60 (2014) (establishing a right to trial by jury for any crime for which the defendant may be imprisoned for six months or more).

---

[1] HRS § 604-10.5 provides in relevant part: "(i) A knowing or intentional violation of a restraining order or injunction issued pursuant to this section is a misdemeanor."

King did not waive his right to trial by jury either orally or in writing. Nevertheless, he was tried without a jury in a bench trial before the District Court of the Second Circuit (District Court). The District Court found King guilty as charged, sentenced him to pay a fine of $100, and filed its Judgment on November 21, 2014.

King appeals from the District Court's Judgment. On appeal, King argues that he did not validly waive his right to trial by jury, and therefore, the District Court erred in holding a bench trial in this case.[2] The State concedes error and requests that King's conviction be vacated and the case be remanded for a new trial.

We agree with the parties that King did not validly waive his right to a trial by jury. See Ibuos, 75 Haw. at 121, 857 P.2d at 578 ("A knowing and voluntary waiver of the right to trial by jury must come directly from a defendant, either in writing or orally."); HRS § 806-61 (2014) ("The defendant in any criminal case may, with the consent of the court, waive the right to a trial by jury either by written consent filed in court or by oral consent in open court entered on the minutes."); Hawaiʻi Rules of Penal Procedure Rule 5(b)(3) (2012) ("In appropriate cases, the defendant shall be tried by jury in the circuit court unless the defendant waives in writing or orally in open court the right to trial by jury."). Therefore, the District Court violated King's right to trial by jury by holding a bench trial in this case, and King's conviction cannot stand. See Ibuos 75 Haw. at 119-23, 857 P.2d at 577-79 (holding that the trial court's failure to obtain a valid waiver of the defendant's right to a jury trial required vacating the trial court's judgment and remanding the case for a new trial).

---

[2] The Honorable Blaine J. Kobayashi presided over the relevant pre-trial proceedings in this case and the Honorable Kirstin M. Hamman presided over King's bench trial.

We vacate the District Court's Judgment and remand the case for a new trial.

DATED:   Honolulu, Hawai'i, August 27, 2015.

On the briefs:

Reiko A. Bryant
Deputy Public Defender
for Defendant-Appellant

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3